UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AE FOR MINOR CHILD CE,
      Plaintiff,
v.                                   CIVIL CASE NO._____

MONROE TOWNSHIP PUBLIC SCHOOLS,
WILLIAMSTOWN MIDDLE SCHOOL, MR.
THOMAS A. COLEMAN, JR., IN HIS OFFICIAL
CAPACITY AS SUPERINTENDANT OF SCHOOLS,
MR. DAVID M. BABICH, PERSONALLY, AND IN HIS OFFICIAL
CAPACITYAS THE PRINCIPAL OF WILIAMSTOWN
MIDDLE SCHOOL, MR. JIMMY COLLINS, PERSONALLY
AND IN HIS OFFICIAL CAPACITY AS THE VICE PRINCIPAL
OF WILLIAMSTOWN MIDDLE SCHOOL,
MRS. AMY MCCARTHY, PERSONALLY AND IN HER
OFFICIAL CAPACITY AS A GYM TEACHER,
MR. THOMAS MCAVOY, PERSONALLY AND IN HIS
OFFICIAL CAPACITY AS THE SUBSTITUE
TEACHER,
      Defendants.

## COMPLAINT

AND NOW, Plaintiff, by and through counsel, John C. Uyamadu, Esq., files this Complaint against the defendants, and states as follows:

## FACTS OF THE CASE

1. On December 22, 2022, the vice principal Mr. Collins harassed and bullied CE on numerous occasions.

2. He started a sexual harassment investigation based on complaints he received from 2 girls who stated that CE told them "Do you want to go on a *ate*, I'll give you the *d* later."

3. He failed to conduct a proper investigation before calling the Plaintiff to tell her he was suspending CE and that Plaintiff should come and pick him up from school.

1

4. The girls reported the incident on a Thursday, instead of doing a proper investigation, he decided to conduct a witch-hunt against CE.

5. During the phone call when Mr. Collins told Plaintiff he was suspending CE for sexual harassment, Plaintiff continuously told him Plaintiff didn't understand what he meant or what that statement meant to which Mr. Collins stated d is for date."

6. Mr. Collins told Plaintiff that CE was to be picked up immediately and he's not allowed back in the school that Friday due to the suspension. Mr. Collins did not properly question the girls who were accusing CE.

7. Moreover, it should be noted that CE was assigned a special table because of his "504 plan"[1] status.

8. The girls who were making the accusations against CE were not even supposed to be on the table which was assigned to CE. And had they not imposed themselves upon CE, they would not have heard the alleged comment made by CE, which actually was a narration to his male friends, of a video CE watched.

9. Even though Mr. Collins told Plaintiff that her son is being suspended because of the alleged sexual harassment claim, but when Plaintiff received the HIB investigation report, it stated that CE allegedly said he would "gang-bang" another student.

10. On one occasion Plaintiff reported to Mr. Collins that some kids spat on CE as he walked to the bus loading zone, he completely overlooked the complaint but instead started telling Plaintiff that CE had been disruptive in class.

---

[1] CE has ocular disability that required that the School District place him in a table in the front row of the class in order to see the black board.

2

11. And upon further inquiry, what Mr. Collins regarded as disruption was CE merely getting up to use the bathroom. Mr. Collins later asked whether CE knew the students that spat on him, to which CE supplied one name.

12. Mr. Collins checked the CCTV and immediately concluded that he had not seen any such thing.

13. Out for CE, Mr. Collins once came into the Gym and marshaled CE out of the Gym and into his office to sit.

14. The reason for that was that CE shot the basketball too high, copying Mrs. McCarthy kicking CE out of the Gym for either throwing the basketball too high or too long.

15. Mrs. McCarthy did not only kick CE out of the Gym, whether during a basketball practice or during volleyball game, for mounting a friendly defense against other players, but she made sure to give CE a failing score of 70 points, helping lower CE's overall academic score.

16. Neither Mr. Collins nor Mrs. McCarthy who were aware of CE's "504 plan" status ever attempted to accommodate him in those times that CE was charged with throwing the ball either high or long or falling into another player.

17. Another teacher who had a problem with CE's existence was Mr. McAvoy, the substitute teacher.

18. On April 25, 2023, Mr. McAvoy physically assaulted CE by forcefully grabbing him by the arm, leaving bruises and marks and then pushed him to the bleachers to sit, all because he was playing arch ball and shot it from half court.

19. This assault incident was brought to the attention of the school principal, Mr. Babich and to Mr. Collins, none of whom did anything about it.

20. Mr. McAvoy yelled at CE, saying he was running around (in the gym) and acting like a fool.

21. The incident was so shocking to the conscience that one of the students there attempted to intervene on behalf of CE but Mrs. McCarthy jumped in and warned the student to stay out of it.

22. When Plaintiff changed CE's Gym class, there was no longer any drama involving CE, and that was not because anything changed in CE's behavior, just changes in the school personnels.

23. It should be noted that for the punishment that CE was placed in based on the unsubstantiated, poorly-investigated alleged sexual harassment allegation against him, the school authorities eventually exonerated him since the allegations did not even on its face amount to a delinquency.

## PARTIES

24. AE ("Plaintiff") is the mother of Minor child who was the victim of the unlawful, abusive, and discriminatory conducts and behaviors described in this complaint.

25. CE ("Plaintiff") is the Minor child who is the student of Williamstown Middle School, Monroe Township School District, and the target of the unlawful, abusive, and discriminatory conducts and behaviors described in this complaint.

26. Monroe Township School District is located at 75 East Academy Street, Williamstown, NJ 08094.

27. Williamstown Middle School is located at 561 Clayton Rd, Williamstown, NJ 08094.

28. Mr. Coleman, the Superintendent of Schools is located at 75 East Academy Street, Williamstown, NJ 08094.

29. Mr. David Babich, the former principal of Williamstown Middle School is located at 561 Clayton Rd, Williamstown, NJ 08094.

30. Mr. Jimmy Collins, the Assistant Principal of Williamstown Middle School is located at 561 Clayton Rd, Williamstown, NJ 08094.

31. Mrs. Amy McCarthy, the Gym teacher is located at 561 Clayton Rd, Williamstown, NJ 08094.

32. Mr. Thomas McAvoy the substitute teacher is located at 561 Clayton Rd, Williamstown, NJ 08094.

## JURISDICTION OF THE COURT

33. The district Court has subject matter jurisdiction pursuant to Title VI and VII, Civil Rights Act of 1964.

34. The American with Disability Acts of 1990, Individuals with Disability Act (IDEA), 42 U.S.C., Section 12201 and 28 U.S.C., Section 1367 (Pendent/Supplemental jurisdiction).

## VENUE

35. The United States District Court for the District of New Jersey, Camden is the proper venue for this matter to be heard and adjudicated.

## FIRST CAUSE OF ACTION
(INTENTIONAL TORTS OF ASSAULT AND BATTERY)

36. Plaintiff repeats herein facts previously alleged in paragraphs 1 to 4, as if individually alleged in this cause of action and states as follows:

37. On April 23, 2023, Mr. Thomas McAvoy committed assault and battery on CE during Gym exercise

38. CE did not consent to the violent contact initiated by Mr. McAvoy. Instead, Mr. McAvoy intentionally yelled at CE, forcefully grabbed his arm, leaving bruises and then pushed CE toward the bleachers and told him to sit down.

5

39. Mr. McAvoy clearly desired to make the violent contact with CE knowing fully well that, one, he was not supposed to do so, two, his doing so would hurt CE, and three, that such an act would result in harm and would be offensive to CE.

40. Because of the intentional assault and battery perpetrated against CE by Mr. McAvoy, harming him and offending him, CE continues to suffer pain and emotional distress.

41. As such, CE requests compensatory and punitive damages against, Mr. McAvoy, the school district of Monroe Township, Mr. Coleman, the Superintendent of Schools, and Mr. Babich for failing to train Mr. McAvoy, and for failing to intervene even after the complaint was reported to the school authorities.

## SECOND CAUSE OF ACTION
### (VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT)

42. Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length, as follows,

43. That during the time period in question, Mr. Thomas McAvoy was acting under the color or pretense of authority, customs, practices, usage, or policy as a teacher Williamstown Middle School and had certain duties imposed upon him with regard to Plaintiff CE.

44. That during the time period in question, Mr. Thomas McAvoy was well aware of Plaintiff CE.'s constitutional rights, including his right to due process, the possession, and control of his own person, and to be free from any violations of his liberty interest, and his right to be free from unjustified intrusions on personal security protected by the Fourteenth Amendment.

45. Courts have consistently recognized the right against "unjustified intrusions on personal security" at the hands of the state to be one of the "historic liberties" protected

by the Due Process Clause. *Ingraham v. Wright*, 430 U.S. 651, 673 (1977).

46. The above set forth facts show that Mr. Thomas McAvoy assaulted Plaintiff, a young man in the midst of exercising his Fourteenth Amendment Constitutional rights, to be free from intrusion, Mr. Thomas McAvoy owed a duty towards CE as a student at Williamstown Middle School, while he was acting in the course and scope of his employment as a teacher inside of Williamstown Middle School.

47. As such, Mr. Thomas McAvoy imposed himself in such a way that Plaintiff felt intimidated, coerced, and without a choice but to comply with his demands or risk further severe punishment.

48. Mr. Thomas McAvoy's intentional, reckless, willful, and wanton actions described herein, were, in fact, the direct and proximate cause of Plaintiff's resulting injuries and harms.

49. Defendant Mr. Thomas McAvoy's use of force was disproportionate to the need presented.

50. As a direct and proximate cause of Mr. Thomas McAvoy's conduct, Plaintiff has been injured and damaged in that he has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of New Jersey and the United States; has been subject to assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling him to an award of actual, consequential, punitive damages , costs, and reasonable attorney fees

## THIRD CAUSE OF ACTION
### (NEGLIGENT, GROSS NEGLIGENT, FAILURE TO TRAIN)

51. Defendants acting through their agents and servants were negligent, careless, reckless, and grossly negligent at the time and place aforementioned in the following particulars:

a) In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

b) In failing to exercise reasonable or slight care to properly train and/or supervise its personnel, agents, officers, and/or employees;

c) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its agents;

d) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure necessary to ensure that even offenders under their supervision are safe and protected from physical abuse and threatening behavior by their agents;

e) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and prevent the same from occurring;

f) In failing to exercise reasonable or slight care to make periodic and proper investigations and take remedial action as might be necessary to prevent inappropriate and/or threatening actions;

g) In failing to exercise reasonable or slight care to take the appropriate time to follow-up, review and/or check compliance with policy, state law and/or existing orders;

h) In failing to exercise reasonable or slight care to take steps necessary to remove, fire and/or terminate the services of staff and/or personnel, including Mr. Thomas McCavoy, when they had actual and/or constructive notice of his propensities;

i) In failing to exercise reasonable or slight care to properly supervise Mr. Thomas McAvoy

j) In failing to exercise reasonable or slight care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of their agents when it had notice of their agent's propensities towards inappropriate and/or abusive behavior;

k) In conducting themselves in an egregious and arbitrary manner;

l) In threatening, physically assaulting Plaintiff;

m) In breaching their fiduciary duty of trust with regard to Plaintiff;

n) In failing to follow and adhere to the local, state, and national standards, policies, and procedures including the policies and procedures of the Monroe Township Public School District.

o) In failing to follow and adhere to the policies and procedures of the Monroe Township Public School District.

p) In engaging in a pattern and practice of allowing and/or condoning inappropriate conduct on behalf of the Williamstown Middle School employees;

q) In failing to sufficiently monitor and supervise employees of Monroe Township Public School District.

r) In failing to have the appropriate policies and procedures in place to provide adequate supervision;

s) In failing to exercise even slight care to protect the Plaintiff from harm; and

t) In any other manner that Plaintiff may become aware of through discovery and/or trial.

All of which were the direct and proximate cause of the damages suffered by the Plaintiff herein, said acts being in violation of the statutes and laws of the United States and the State of New Jersey.

52.     As a direct and proximate result of Defendants' negligence, gross negligence, carelessness and/or recklessness, Plaintiff CE. was harmed and sustained serve and permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life which required and will in the future require psychological and psychiatric medical care and treatment.

53.     As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff has and will likely, in the future, be caused to incur medical expenses.
Plaintiff is entitled to actual and consequential damages in an amount that would adequately compensate him for his injuries and damages.

54.     All of which were the direct and proximate cause of the damages suffered by the Plaintiff herein, said acts being in violation of the laws of the United States and of the State of New Jersey.

55.     Plaintiff' CE's injuries were of such nature so as to require her to expend monies, to receive additional medical attention, and to require medical necessities.

56.     Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

56.     Plaintiff is entitled to actual and consequential damages in an amount that would adequately compensate him for his injuries and damages.

FOURTH CAUSE OF ACTION
(DISCRIMINATION AGAINST A PERSON IN A PROTECTED CLASS;
LAW AGAINST DISCRIMINATION IN NEW JERSEY)

57.     Plaintiff repeats herein facts previously alleged in paragraphs 1 to 4, as if individually alleged in this cause of action and states as follows:

58.     Mr. Collins discriminated against CE when he singled him out, accused him of baseless misbehavior, and despite being properly informed against his ill-actions, punished CE before it became clear that CE had not done anything wrong.

59.     A couple of white girls allegedly accused CE of saying something to them, without any investigation into what the girls said, Mr. Collins took the words of the girls, about utterance that did not even amount to anything wrong, and suspended CE from classes.

60.     It was later found that CE had not done anything wrong after he had already been punished.  Mr. Collins failed to investigate the white girls, failed to punish the white girls for presenting falsehood against CE, but punishing CE who is black, without a reasonable investigation.

61.     Had CE been white, all the things that happened to him here would not have happened. It is Plaintiff's position that because of the malfeasance of Mr. Collins and others involved, CE suffered emotional injury and continues to suffer emotional injury which requires treatment.

62.     As such, CE requests compensatory and punitive damages against, Mr. Collins, the school district of Monroe Township, Mr. Coleman, the Superintendent of Schools, and Mr. Babich for failing to train Mr. Collins, and for failing to intervene even after the complaint was reported to the school authorities.

FIFTH CAUSE OF ACTION
(FAILURE TO TRAIN AND INTERVENE ON THE ASSAULT AND BATTERY)

63.     Plaintiff repeats herein facts previously alleged in paragraphs 1 to 4, as if individually alleged in this cause of action and states as follows:

64. The Principal, Mr. Babich, Mr. Collins and Mr. Coleman failed to intervene when CE was assaulted and battered by three students who spat on CE despite been made aware of the gruesome incident.

65. The named school district personnel would have intervened to stop the assault and battery CE suffered in the hands of the three mentioned students had they been properly trained or had in their policy ways to correct the wrong that was perpetrated on CE that day.

66. Plaintiff posits that the assault and battery were the proximate cause for the pain and suffering that CE suffered and continues to suffer which requires medical and psychological treatment and counseling.

67. As such, CE requests compensatory and punitive damages against, Mr. Collins, the school district of Monroe Township, Mr. Coleman, the Superintendent of Schools, and Mr. Babich for failing to train Mr. Collins, and for failing to intervene even after the complaint was reported to the school authorities.

SIXTH CAUSE OF ACTION
(DISCRIMINATION AGAINST A PERSON WITH DISABILITY)

68. Plaintiff repeats herein facts previously alleged in paragraphs 1 to 4, as if individually alleged in this cause of action and states as follows:

69. Mrs. McCarthy and Mr. McAvoy discriminated against CE when they consistently punished him for allegedly throwing the ball too far or two hard without attempting to accommodate his "504 plan" status. CE's status apparently was contributive of his performance in the field or court, not seeing clearly to know how far or hard a ball should be thrown to achieve the goal CE intended to be successful in his sports ambitions.

70. Mr. Collins, Mr. Coleman and Mr. Babich were also equally culpable in the discrimination of a person with disability because it is the duty of these named school employees to properly train the employees of the school to know how to accommodate a person with disability in the school in order to perform at a reasonable standard in comparison with the rest of the school students.

71. As such, CE requests compensatory and punitive damages against, Mr. Collins, the school district of Monroe Township, Mr. Coleman, the Superintendent of Schools, and Mr. Babich for failing to train Mr. Collins, and for failing to intervene even after the complaint was reported to the school authorities, and Mrs. MacCArthy and Mr. McAvoy for discriminating against CE.

## REQUEST FOR RELIEF

i. Plaintiff hereby requests this Court to enter an order compelling each of the named Defendants to pay CE for all the transgressions against him in the amount of One Million for each count alleged in the complaint for compensatory damages.

ii. Plaintiff hereby requests this Court to enter an order compelling each of the named Plaintiff to pay CE for all the transgressions against him in the amount of One Million for each count alleged in the complaint for punitive damages.

iii. Plaintiff also requests that this Court award reasonable attorney's fees and costs.

iv. Plaintiff requests the Court to award any further relief as it may deem proper and just under all the circumstances.

WHEREFORE, Plaintiff respectfully prays.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands the trial of this action by jury pursuant to F.R.C.P. 38.

## NOTICE REGARDING THE PRESERVATION OF ELECTRONICALLY STORED INFORMATION

The Defendants have to preserve evidence relevant to this action even without a court order. Since electronically stored information (hereinafter "ESI") may be an irreplaceable source of discovery in this matter, the Defendants must preserve all potentially relevant ESI. Consistent with that duty all ESI should be preserved and maintained in native format. 1) ESI from shared networks including ESI archived in the cloud, zip or external drives. 2) ESI from personal networks including ESI archived in the cloud, zip or external drives. 3) ESI from handheld devices, emails/attachments (live and archived), SMS/MMS text messages and messaging apps like WhatsApp. 4) ESI from social media like Facebook, Snapchat, Instagram, and Twitter. 5) ESI from portable electronic devices like smartphones, eternal storage devices like CDs, DVDs, external hard drives and flash drives, personal fitness devices, smart home devices and the Internet of Things (hereinafter "IoT"). 7) The metadata for the items cited hereinabove should be preserved and not altered deleted and/or over-written.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates John Uyamadu, Esq., as trial counsel.

Respectfully Submitted,

*/s/ John C. Uyamadu*

Dated: January 6, 2024

Law Offices of John C. Uyamadu
2 Ridgedale Avenue, Suite 355
Cedar Knolls, New Jersey 07927
Telephone: (855) 722-5110
Facsimile: (800) 630-3816
Email: johnu@jculawoffice.com
Copy email to paralegal@jculawoffice.com

<u>CERTIFICATION OF OTHER PENDING ACTIONS</u>

Pursuant to Local Civil Rule 11.2, Plaintiff hereby certifies that no similar actions are pending in any Court and is not the subject of any arbitration or administrative proceeding.

                                              Respectfully Submitted,

                                              */s/ John C. Uyamadu*

Dated: January 6, 2024                   Law Offices of John C. Uyamadu
                                              2 Ridgedale Avenue, Suite 355
                                              Cedar Knolls, New Jersey 07927
                                              Telephone: (855) 722-5110
                                              Facsimile: (800) 630-3816
                                              Email: johnu@jculawoffice.com
                                              Copy email to paralegal@jculawoffice.com