[ECF No. 61]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

A.E.,

Plaintiff,

v.

MONROE TOWNSHIP PUBLIC
SCHOOLS et al.,

Defendants.

Civil No. 24-110 (CPO/SAK)

### OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for sanctions for spoliation of evidence pursuant to Federal Rule of Civil Procedure 37(e) [ECF No. 61]. Plaintiff seeks (1) the preclusion of testimony or argument relating to missing school CCTV footage; or (2) a jury instruction that the missing video evidence would have been unfavorable to Defendants and favorable to Plaintiff. The Court considered Defendants' opposition [ECF No. 65] and Plaintiff's reply [ECF No. 68]. The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **DENIED**.

### I.   BACKGROUND

Plaintiff, an African American student with an ocular disability, filed this action on January 6, 2024 against Monroe Township School District (the "District") and a handful of the District's administrators and faculty. Plaintiff alleges he was deprived of due process rights and subjected to race and disability-based discrimination while attending the District's Williamstown Middle School. In particular, Plaintiff alleges that on September 29, 2022, white students spat on him (the

"spitting incident"), leading his parents to report the incident to school administrators. Amd. Compl. ¶¶ 10–13, ECF No. 24. He further alleges that the Assistant Principal, Defendant Jimmy Collins ("Collins"), subsequently conducted a sham investigation that consisted merely of reviewing CCTV footage, and then "singlehandedly" determined that "no such thing" happened. *Id.* Plaintiff further alleges that on December 22, 2022, two Caucasian students reported to Collins that Plaintiff sexually harassed them. *Id.* ¶¶ 33–39. Plaintiff alleges he was immediately suspended thereafter, without an investigation. *Id.* Plaintiff claims that although he was ultimately exonerated following an internal investigation, he was treated differently based on his race—i.e., he was immediately suspended once allegations were made against him, while no action was taken against the students who allegedly spat on him. *Id.* ¶¶ 41–42. Plaintiff also alleges that he was removed from his gym class on more than one occasion for throwing a basketball too high. *Id.* ¶¶ 14–17. He alleges he has an ocular disability which prevented him from gauging the proper distance to the basketball hoop. *Id.* As a result of these incidents, Plaintiff alleges Defendants deprived him of his procedural and substantive due process rights and discriminated against him based on his race and disability. Defendants deny Plaintiff's allegations, maintaining that the alleged conduct does not constitute unlawful and discriminatory actions. *See generally* Answ. to Amd. Compl., ECF No. 25.

In his motion, Plaintiff alleges that Defendants reviewed CCTV footage as part of their investigations into the spitting incident and another incident, but failed to preserve the video footage from these investigations. The other incident, not included in Plaintiff's amended complaint, involves allegations that Plaintiff was physically manhandled in the gym by a substitute teacher on April 25, 2023 (the "manhandling incident"). Pl.'s Br. at 3, ECF No. 61. Plaintiff asserts that Collins investigated this incident and "rel[ied] heavily" on his review of CCTV footage to conclude that the conduct complained about did not take place. *Id.* Defendants testified that the

2

CCTV footage relied upon in the investigations of both incidents was not preserved. *Id.* at 4. Plaintiff contends that his and his parents' complaints created a duty to preserve this evidence. He concludes that Defendants' failure to preserve the video footage constitutes spoliation. *Id.* at 11.

Defendants oppose Plaintiff's motion, maintaining that the footage at issue was automatically overwritten pursuant to the District's record retention policy. Defs.' Opp. at 2, ECF No. 65. They assert that Plaintiff's complaint was filed more than eight months following the most recent incident—the April 25, 2023 manhandling incident—and served more than nine months after this incident. *Id.* at 3. They note that Plaintiff's parents never requested to view the relevant footage. *Id.* at 6. Defendants also assert that there was no pending litigation at the time of deletion and contend it was not reasonably foreseeable that the incidents at issue would result in litigation. Defendants conclude that they were under no duty to preserve the CCTV footage. *Id.* at 2–3, 6. As such, Defendants argue that Plaintiff's motion must be denied.

## II. DISCUSSION

### A. Legal Standard

Spoliation of evidence traditionally occurs where evidence is either altered or destroyed. *See generally Bull v. United Parcel Serv., Inc.,* 665 F.3d 68, 73 (3d Cir. 2012). In the context of spoliation of electronically stored information ("ESI"), Federal Rule of Civil Procedure 37(e) applies. This rule provides:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

3

(2)     only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A)     presume that the lost information was unfavorable to the party;

(B)     instruct the jury that it must presume the information was unfavorable to the party; or

(C)     dismiss the action or enter a default judgment.

FED. R. CIV. P. 37(e).   To establish spoliation, the moving party must show that (1) the ESI should have been preserved in anticipation or conduct of litigation; (2) the ESI was lost; (3) "the information was lost because the party failed to take reasonable steps to preserve" it; and, (4) the information cannot be recovered elsewhere, restored, or replaced.   FED. R. CIV. P. 37 advisory committee's note to 2015 amendment; *see also Goldrich v. City of Jersey City*, No. CV 15-885, 2018 WL 4492931, at *7 (D.N.J. July 25, 2018), *report and recommendation adopted as modified*, No. CV 15-885, 2018 WL 4489674 (D.N.J. Sept. 19, 2018).   As the movant, Plaintiff bears the burden of proving spoliation. *Goldrich*, 2018 WL 4492931, at *7.

ESI must be "lost" to prove spoliation occurred. *See Kavanagh v. Refac Optical Grp.*, No. CV 15-4886, 2017 WL 6395848, at *2 (D.N.J. Dec. 14, 2017) (citation omitted).   However, since Rule 37(e) is based on the common-law duty to preserve, even where evidence is lost, "[t]he rule does not apply when information is lost before a duty to preserve arises." FED. R. CIV. P. 37 advisory committee's note to 2015 amendment; *see also Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) ("Before sanctions for spoliation can be imposed, it must be determined whether the duty to preserve evidence has been triggered.").   The inquiry is whether the duty was objectively foreseeable. *Bull*, 665 F.3d at 78.   "[T]he question of reasonable foreseeability is a 'flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad of factual situations inherent in the spoliation inquiry.'" *Id.* at 77–78 (quoting *Micron Tech., Inc.*, 645 F.3d at 1320).

4

"When a court finds that spoliation occurred, it has discretion to impose sanctions. *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004); *see also Manning v. Safelite Fulfillment, Inc.*, at *5–6 (describing that Rule 37(e) exclusively governs the spoliation inquiry, while both Rule 37(e) and Third Circuit caselaw govern the sanctions inquiry).

### A. Analysis

Defendants contend that Plaintiff fails to satisfy his burden of establishing spoliation because he fails to establish that Defendants were under a duty to preserve the CCTV footage at the time the footage was overwritten.  Plaintiff counters that the nature of his complaints created a duty for the District to preserve the CCTV footage.  He contends that his complaints involving spitting, racial discrimination, unequal discipline, and a possible assault by a teacher should have alerted Defendants that litigation was likely. Pl.'s Br. at 6–7, ECF No. 61.  Plaintiff contends that these "categories of claims . . . routinely result in civil actions." *Id.* at 7.

The Court agrees with Defendants that Plaintiff fails to satisfy his burden of establishing that a duty to preserve the CCTV footage arose before this footage was overwritten.  "An independent duty to preserve relevant evidence arises when the party in possession of the evidence knows that litigation by the party seeking the evidence is pending or probable" and when the party possessing the evidence can foresee the prejudice that would result if the evidence were discarded. *State Nat'l Ins. Co. v. City of Camden,* No CV 08-5128, 2011 WL 13258149, at *2 (D.N.J. June 30, 2011).  Without more, Plaintiff asserts that Defendants should have known that litigation was probable because his parents lodged "categories of claims that routinely result in civil actions." Pl.'s Br. at 7, ECF No. 61.  Plaintiff cites no authority to support his contention that the incidents his parents complained about routinely lead to litigation.  Defendants appropriately note that Plaintiff's parents never requested to see video footage.  The Court also observes that Plaintiff failed to file a Tort Claim Notice pursuant to N.J.S.A. § 59:1-1 et seq., following any of the

incidents. Defs.' Opp. at 1, ECF No. 65.[1] The filing of this notice shortly after each incident may have conveyed to Defendants that litigation was being contemplated. Critically, Plaintiff's lawsuit was filed some eight months—and served some nine months—after the final incident. Plaintiff perplexingly relies on *Mosaid* to somehow suggest that his complaints to school administrators triggered a duty to preserve. However, the court in *Mosaid* determined the duty to preserve evidence attached when the complaint was filed and served. *Mosaid*, 348 F. Supp. 2d at 336. Based on Defendants' description of the District's record retention policy, footage of the last incident occurring on April 25, 2023 would have been automatically overwritten on or around June 25, 2023—more than seven months before Plaintiff's lawsuit was filed.

The District's actions in this case are also akin to the school district's action in *Archer v. York City School District*, 227 F. Supp. 3d 361 (M.D. Pa. 2016) *aff'd* 710 F. App'x 94, 100 (3d Cir. 2017). There, parents alleged spoliation when a school district deleted an Assistant Superintendent's email ninety days after his departure from the district, consistent with the school district's record retention policy. *Archer*, 227 F. Supp. 3d at 379. The parents argued that the emails should have been preserved as the school district should have reasonably anticipated litigation stemming from the reassignment of hundreds of students to new schools. *Id.* at 380. The *Archer* court, affirmed by the Third Circuit, rejected the parents' argument. The court stated, "the simple act of doing their jobs . . . does not create knowledge that litigation is 'pending or probable.'" *Id.* (citation omitted). Similarly, Defendant Collins' performance of his job in reviewing CCTV footage in response to Plaintiff's complaints does not create knowledge that

---

[1] Generally, New Jersey's Tort Claims Act requires "[a] claim relating to a cause of action for death or for injury or damage to person or to property [to] be presented . . . not later than the 90th day after accrual of the cause of action." N.J.S.A. § 59:8-8. Only after six months from the date of notice may the claimant file suit in an appropriate court of law. *Id.* A claimant is barred from recovering against a public entity or employee if they fail to file the claim with the public entity within 90 days of accrual of the claim. *Id.*

6

litigation is probable. *See also Cianci v. Phoenixville Area Sch. Dist.*, No. CV 20-4749, 2022 WL 824026, at *5–7 (E.D. Pa. Mar. 18, 2022) (finding school psychologist was "simply doing her job" in evaluating students and routinely deleting records after student's graduation). The Court finds that merely raising complaints with serious implications of racial discrimination or assault does not reasonably put Defendants on notice of the probability of litigation. As the court in *Cianci* found, this argument "abstract[s] the issue [of notice] to a high level of generality." *See Cianci v. Phoenixville Area Sch. Dist.*, at *5.

Additionally, in his reply brief, Plaintiff argues that the District's record retention policy required the preservation of the video evidence.[2] He asserts that pursuant to this policy, "if there is an event which requires review of a camera footage as part of an investigation, that footage shall be retained until the conclusion of the matter that resulted in the investigation." Pl.'s Rep. Br. at 2, ECF No. 68. Plaintiff attached to his reply brief an exhibit that appears to be a generic policy that Plaintiff attributes to the District. This policy appears inconsistent with Defendants' description of the District's policy.[3] However, even if Plaintiff accurately describes the District's record retention policy, the Court finds Plaintiff still fails to show Defendants had a duty to preserve the video evidence. The purported policy requires that video footage reviewed as part of an investigation be retained "until the conclusion of the matter that resulted in the investigation." Here, Plaintiff confirmed that the investigation of the manhandling incident was concluded. He

---

[2] Plaintiff raises this argument for the first time, presumably in response to Defendants' contention that "the footage at issue was automatically overwritten pursuant to the District's established data preservation protocols." Defs.' Opp. at 2, ECF No. 65.

[3] Michael Spano, the District's Technology Manager responsible for coordinating the record retention policy, certified that the school's CCTV storage system "has digital storage to retain roughly 60 days' worth of video recording before being automatically overwritten." Spano Cert. ¶ 4, ECF No. 65-2. Spano explains that "[v]ideo is not downloaded or retained past the 60 day window unless there is an explicit need." *Id.* He states, "once notice is received" regarding a litigation hold request or a public records request, the requested video is saved off the server to a USB drive or cloud storage system. *Id.* ¶ 6.

stated that Collins conducted an investigation into this incident and "conclude[d]" that the conduct complained about did not take place. Pl.'s Br. at 3, ECF No. 61. Similarly, the investigation into the spitting incident was presumably concluded as Plaintiff alleges that Collins watched the CCTV footage and said, "there was no incident of someone spitting on CE on the school premises." Amd. Compl. ¶ 13, ECF No. 24. To the extent both investigations were concluded, any duty to preserve under the purported District policy is unavailing to Plaintiff.[4]

The Court finds Plaintiff failed to prove that Defendants were under a duty to preserve the CCTV footage. Accordingly, Plaintiff failed to meet his burden of proving spoliation. The requested sanctions remedy is also therefore unavailable to Plaintiff. *See Kavanagh*, 2017 WL 6395848, at *2 ("It is self-evident that in order to obtain[] sanctions pursuant to Rule 37(e) spoliation must occur.").

## III.    CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** on this **27th** day of **July, 2026,** that Plaintiff's motion [ECF No. 61] is **DENIED.**

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.

---

[4] Although Plaintiff failed to provide the dates that the investigations were "concluded," the Court's analysis does not change as it is Plaintiff's burden to prove spoliation, and hence his burden to show that the purported retention policy he relies on, is applicable to his circumstances.